UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
MISS JONES, LLC,                                            :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                        Plaintiff,                          :
                                                            :   18-cv-1179 (BMC)
        - against -                                         :
                                                            :
CAROL VELAZQUEZ A/K/A CAROL L.                              :
VELAZQUEZ, DANIEL VELAZQUEZ,                                :
COMMISSIONER OF SOCIAL SERVICES OF                          :
THE CITY OF NEW YORK SOCIAL                                 :
SERVICES DISTRICT, THE BOARD OF                             :
MANAGERS OF CALCAGNO COURT                                  :
HOMEOWNERS ASSOCIATION INC.,                                :
CRIMINAL COURT OF THE CITY OF NEW                           :
YORK and NEW YORK CITY TRANSIT                              :
ADJUDICATION BUREAU,                                        :
                                                            :
                        Defendants.                         :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge

Plaintiff brings this action based on diversity jurisdiction to foreclose on a mortgage. None of the interest holders of record have appeared, defaults have been entered against all defendants, and plaintiff has moved for a judgment of foreclosure and sale. The motion is granted.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). However, before a court enters a default judgment, it must determine whether the allegations in the complaint establish liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). Additionally, the plaintiff still bears the burden of proving a "reasonable basis" for the damages requested. E. Sav.

Bank, FSB v. Robinson, 13-CV-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016). An evidentiary hearing is not required so long as the plaintiff's affidavits and other documentary evidence provide a basis for the damages awarded. Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

In a mortgage foreclosure action under New York law, "the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997) (internal quotation marks omitted); see also E. Sav. Bank, FSB v. Ferro, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015). "[O]nce a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." E. Sav. Bank, FSB v. Evancie, No. 13-cv-00878, 2014 WL 1515643, at *4 (E.D.N.Y. April 18, 2014); see also Fleet Nat'l Bank v. Oslav, 16 A.D.3d 374, 793 N.Y.S.2d 52 (2d Dep't 2005) (holding that the plaintiff "established its *prima facie* entitlement to a judgment" by submitting the mortgage, the unpaid note, and evidence of the mortgagors' default).

Courts regularly enter default judgments in foreclosure actions against defendants with "nominal interests" in the relevant property, including subordinate lien holders like defendants the Criminal Court of the City of New York and the New York City Transit Adjudication Bureau. See, e.g., E. Sav. Bank, FSB v. Strez, No. 11-cv-1543, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013) (entering default judgment against the Environmental Control Board, who was a holder of a subordinate lien on the premises); Christiana Bank & Trust Co. v. Dalton, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009) (entering default judgment against, among others, the New York City Parking Violations Bureau and New York City

2

Environmental Control Board). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." Robinson, 2016 WL 3365091, at *4.

The documents submitted on the motion establish a prima facie case for a judgment of foreclosure and sale. The note here went into default in November 2007. Plaintiff obtained possession of the note in October 2017. On November 8, 2017, plaintiff provided to Carol Velazquez and Daniel Velazquez (the mortgagors) a 30-day notice to cure and the ninety-day notice to cure required by RPAPL § 1304(1). Plaintiff filed this suit in February 2018, neither Carol Velazquez nor Daniel Velazquez have timely appeared despite proof of service, and their defaults have been noted on the record.

In addition, the complaint names various New York City agencies, as well as a homeowners association, as holding tax or other liens on the property. None of these defendants have appeared despite plaintiff's filing of proof of service, and the Clerk has noted their default upon the record.

Accordingly, plaintiff's motion for default judgment is granted. A judgment of foreclosure and sale will be entered separately.

However, the proposed judgment that plaintiff has submitted will be modified to preclude foreclosure of any interests held by New York State or its agencies. Although the complaint named Richmond Supreme Court, this Court has previously ordered that the action could not proceed with the state or its agencies as parties as to do so would destroy diversity jurisdiction. See Eastern Savings Bank v. Walker, 775 F. Supp. 2d 565 (E.D.N.Y. 2011). Plaintiff thereupon voluntarily dismissed Richmond Supreme Court, and any interest it has will survive foreclosure.

Plaintiff also voluntarily dismissed GMAC and Staten Island University Hospital; any interests they may have will survive foreclosure, as well.

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
      June 6, 2018